Cancelmo *v.* Tilli et al.

Argued October 14, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Hugh Roberts,* for appellants.

*Maurice J. Friedman,* for appellee.

Opinion by Trexler, P. J., January 28, 1932:

This suit was brought by the plaintiff on an oral contract to recover from the defendants, commissions due for placing a mortgage. The case was tried by the court without a jury.

The plaintiff alleged that one, Tilli, acting for himself and the Trio Construction Company entered into an agreement with the plaintiff whereby plaintiff was to secure for the defendants, a construction mortgage in the sum of $20,000 for the purpose of the erection of the premises at 320 Bowman Avenue, Merion, Pennsylvania. He was to get $400 for his services, if successful. He obtained the mortgage, but the defendants failed to execute it and the project fell through,

without any fault of his, but entirely due to the refusal of the defendants.

The plaintiff testified that the arrangement between the parties began in the architect's office where the subject of Mr. Tilli getting the mortgage was broached to the plaintiff. The compensation was agreed upon and a day or two afterwards, Tilli submitted his figures and sent up the plans and specifications which the plaintiff then submitted to the mortgage company and in the course of a few weeks, the loan was approved. This was followed by Mr. Tilli bringing in a financial statement, signed by the "Trio Construction Company, Frank Tilli" and after this was furnished, the plaintiff and Tilli went to see the president of the mortgage company and Tilli authorized "the taking out or ordering the title."

The plaintiff met the partners, Mr. Tamburri and Mr. Giordano, and to quote his language: "At that time we went over the whole set up, or whatever contracts, settlement charges, they were all taken up, and there was never a word stated that they were dissatisfied with any fee or the company's charges, and they were doing the utmost about getting all the figures in and getting settlement as soon as possible. The contracts were finally drawn up and given to me and I took them up to the Trio Construction Company and left them there for them to sign. In the course of a week or two that elapsed ...... the contracts were never signed. I had gone out to see the parties and talked to the different partners; Mr. Tamburri would tell me he did not have enough money to go ahead, and Mr. Giordano told me it was getting too cold and there was always some excuse."

Plaintiff testified to a meeting at Tilli's office when Tilli introduced Mr. Tamburri and Mr. Giordano with these words: "Mr. Cancelmo, I wish you to meet my partners, Mr. Tamburri and Giordano." "We sat

down and discussed the figures and certain contracts. The financial set-up, as I stated before, and everything seemed to be perfectly satisfactory." In the settlement charges, above mentioned, plaintiff's commissions were set out at $400.

This testimony was contradicted in toto. Mr. Tilli testified that there was never any definite arrangement completed with the plaintiff.

The solution of the problem was for the court and if it believed the testimony of the plaintiff, the conclusion was warranted as stated by it "that all three defendants were thoroughly familiar with every essential detail of the transaction out of which the present suit arose, and that plaintiff having been introduced to two of the defendants by the third defendant as his partners, establishes the existence of a partnership between the defendants." It is not our duty to weigh the testimony. There was sufficient to support the finding of the court and we therefore affirm the judgment.

The assignments of error are overruled and the judgment is affirmed.